## GEOPHYSICAL DEVELOPMENT CORPORATION et al. v. COE, Commissioner of Patents.

### Civ. A. No. 17993.

District Court of the United States for the District of Columbia.

March 13, 1944.

Sol Shappirio, of Washington, D. C., for plaintiff.

W. W. Cochran, Sol., U. S. Patent Office, of Washington, D. C., for defendant.

BAILEY, Associate Justice.

The plaintiffs filed an application Serial No. 137380 on April 16, 1937. On October 22, 1940 a patent was issued to Scherbatskoy. On October 20, 1941 the plaintiffs

filed their present application Serial No. 415,826. The plaintiffs sought an interference with Scherbatskoy, which was denied by the Patent Office on the grounds that plaintiffs' claims were not supported by the application.

In seeking an interference the plaintiffs copied from the Scherbatskoy patent their claims 5 and 6, and the remainder of their claims 11, 13, 15, 16, 20, 22, 24, and 25 are apparently drawn also in order to obtain the interference. The Patent Office has held that the plaintiffs are entitled to set up any claims in their present application which are supported by their parent applicant of April 16, 1937. If allowed the plaintiffs will thus obtain a filing date prior to Scherbatskoy.

I agree, however, with the Patent Office in holding that the plaintiffs' claims are not supported by their application. It is only by distorting the meaning of words that the plaintiffs' claim can be said to be disclosed in their application. The phrase "converting the substantially continuous current to a continually uniformly pulsating signal" describes what Scherbatskoy does, but this is not true of plaintiffs. Nor is there any uniformly pulsating signal in plaintiffs. The plaintiffs use the term "short circuiting" in an entirely different sense from that which Scherbatskoy uses it.

A very important difference between the devices of Scherbatskoy and of the plaintiffs is that in plaintiffs' device the radio activity is indicated by the varying frequency of occurrence of like pulsations, whereas in Scherbatskoy it is indicated by the varying strength of the impulses of uniform frequency. So too the plaintiffs' device does not show pulsating signals of "predetermined frequency." If this were true their device would be inoperative.

Without going into the plaintiffs' claims separately, I agree with the Patent Office in holding that they are not supported by the application, and this includes claim No. 11 which plaintiffs contend is in the original application. The plaintiffs evidently undertake by the use of words in a different sense from their real meaning to make this application support their claims. As Humpty Dumpty said to Alice, "When I use a word, it means just what I choose it to mean—neither more nor less."

The *complaint* should be dismissed with costs.